# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Santos Santana Cruz, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-21 |
| Buffalo Framing and Truss, LLC, | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, Santos Santana Cruz ("Plaintiff", brings this action against Defendant Buffalo Framing and Truss, LLC ("Defendant"), and in support thereof, would show the Court as follows:

### Introduction

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, title 29 United States Code, ("FMLA"), as amended. Plaintiff seeks damages for his retaliatory discharge, including but not limited to, lost back and front pay, liquidated damages, past and future, emotional distress and punitive damages and reasonable attorneys' fees and costs.

### Jurisdiction, Venue, and Parties

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337 and/or 29 U.S.C. § 2617(a)(2) ..

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated its business in Austin, Travis County, Texas, and Plaintiff worked for Defendant in Austin, Travis County, Texas.

4. Plaintiff is an individual who resides in Austin, Travis County, Texas. Plaintiff worked for Defendants in Plano, Texas, from January 2020 until December 6, 2021.

5. Defendant is a limited liability company, formed and existing under the laws of the State of Texas, and at all times material to this complaint, maintained and operated a business in Austin, Texas.

**Facts**

6. Defendant is a framing and truss company and private sector employer; at all times relevant, it has employed over 50 employees in 20 or more workweeks in the current or previous calendar year.

7. Defendant is engaged in commerce or an industry affecting commerce.

8. On November 30, 2021, Plaintiff requested family or medical leave from defendant or defendant's representative Eliodoro (Last name unknown) because of the need to care for Plaintiff's daughter who had a serious medical condition. Eliodoro told Plaintiff that the leave was approved. Further, that same day, Plaintiff again told Eliodoro that he would not be able to return to work because he had to take care of his daughter; Eliodoro again approved Plaintiff's leave to take care of his daughter.

9. On November 30, 2021, Plaintiff had been employed by Defendant for at least 1,250 hours during the previous 12-month period.

10. Thirty days advance notice was not possible because the foreseeable situation had changed and/or Plaintiff did not know exactly when leave will be required.

11. Plaintiff provided reasonable notice of the need for his leave as soon as possible and practical.

12. Defendant approved Plaintiff's request for leave under the FMLA, and Plaintiff did take such leave to care for his daughter.

13. On December 6, 2021, upon arriving back to work after taking his FMLA leave, Defendant terminated Plaintiff's employment.

14. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's lawful use of his FMLA leave.

15. Defendant violated Plaintiff's rights under the FMLA because it terminated Plaintiff's employment in retaliation for Plaintiff's lawful use of his FMLA leave.

16. Defendant interfered with, restrained, or discriminated against Plaintiff on or about December 6, 2021 because of Plaintiff's exercise of FMLA rights, specifically, in terminating his employment because of using his legal leave.

17. Defendant knowingly, intentionally, and willfully violated plaintiff's rights.

**Request for Relief**

**WHEREFORE**, Plaintiff demands the following relief against Defendant:

a. Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of defendant's wrongful conduct;

b. Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

c. Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) or the FMLA as may be appropriate, including employment, reinstatement, and/or promotion;

e. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

f. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*

6232 N. Pulaski Road, Suite 300  
Chicago, IL. 60646  
P: 773-415-4898  
E: [jdore@justicialaboral.com](mailto:jdore@justicialaboral.com); [Jmdore70@sbcglobal.net](mailto:Jmdore70@sbcglobal.net)